UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| MARK W. GIVLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 3:11-cv-165 |
| | ) *Judge Phillips* |
| | ) |
| BRIAN TALBOTT and | ) |
| JEREMY BLAIR, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM

This is a *pro se* prisoner's civil rights complaint under 42 U.S.C. § 1983. The matter is before the court on the defendants' motion for summary judgment and plaintiff's response thereto. For the following reasons, the defendants' motion for summary judgment [Court File No. 30] will be **GRANTED**. This action will be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies.

I.	Standard of Review

Rule 56(a) of the Federal Rules of Civil Procedure provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In ruling on a

motion for summary judgment, the court must draw all reasonable inferences in favor of the nonmoving party. *McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). "Summary judgment is proper if the evidence, taken in the light most favorable to the nonmoving party, shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law." *Hartman v. Great Seneca Fin. Corp.*, 569 F.3d 606, 611 (6th Cir. 2009) (internal quotations marks omitted). The burden is on the moving party to conclusively show that no genuine issue of material fact exists. *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir. 1979).

Summary judgment should not be disfavored and may be an appropriate avenue for the "just, speedy and inexpensive determination" of an action. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). The moving party is entitled to judgment as a matter of law "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id*. at 322.

II.  Factual Background

Plaintiff is an inmate in the Blount County Detention Facility. The defendants are correctional officers at that facility. Plaintiff alleges that the defendants failed to follow proper procedures in escorting a fellow inmate to his cell, which resulted in plaintiff being attacked by that inmate. According to plaintiff, he was taken to the hospital where he

2

received five stitches in his left eyebrow. The defendants contend they are entitled to judgment as a matter of law on numerous grounds, including plaintiff's failure to exhaust his administrative remedies prior to filing the complaint.

III. Discussion

Pursuant to the Prison Litigation Reform Act (PLRA), before a prisoner may bring a civil rights action pursuant to 42 U.S.C. §1983, he must exhaust all available administrative remedies. 42 U.S.C. § 1997e. "There is no question that exhaustion is mandatory under the PRLA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007) (abrogating the Sixth Circuit's rule that plaintiffs must plead administrative exhaustion and holding that failure to exhaust administrative remedies is an affirmative defense to be established by defendants). The exhaustion requirement of the PLRA is one of "proper exhaustion." *Woodford v. Ngo*, 584 U.S. 81, 93 (2006). This means the prisoner plaintiff must have completed "the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Id.* at 88.

In his complaint, plaintiff admitted that he did not attempt to exhaust his administrative remedies pursuant to the prisoner grievance procedure at the Blount County Detention Facility for the following reason: "Grievance procedures do not apply to this incident." [Court File No. 1, Complaint, p. 2]. He reiterates that position in his response to the motion for summary judgment. To the contrary, however, the Supreme Court has held

"that the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

In support of their motion for summary judgment, the defendants have submitted, *inter alia*, the affidavit of Captain Daniel E. Neubert, Jr. [Court File No., 30, Motion for Summary Judgment, Attachment 3, Affidavit of Daniel E. Neubert, Jr.]. Captain Neubert testifies that he is now and for 18 years been the Facilities Administrator at the Blount County Detention Facility, and as such is the custodian of inmate records. [*Id*. at 1]. Captain Neubert further testifies that plaintiff did not file a grievance pertaining to this incident and that he would have known had plaintiff done so. [*Id*. at 1].

A copy of the Inmate Grievance Procedures for the Blount County Detention Facility is attached to Captain Neubert's affidavit. [*Id*., Exhibit B, Policies and Procedures Manual, Section 7.06 Inmate Grievance Procedures]. These procedures provide that an inmate may file a grievance for the violation of his basic rights, for a prohibited act conducted by a correctional officer, and to correct an unsafe or unsanitary condition. The procedures also set forth the manner in which a grievance may be filed as well as the manner in which it should be addressed by the supervisors responsible for hearing grievances.

Based upon the record, plaintiff did not exhaust his administrative remedies prior to filing his complaint and his complaint is subject to dismissal for failure to exhaust. Accordingly, the defendants' motion for summary judgment will be **GRANTED** on that basis.

IV. Conclusion

The defendants' motion for summary judgment will be **GRANTED** and this action will be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies. The court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas W. Phillips
United States District Judge
